# UNITED STATES DISTRICT COURT

for the

__________ District of __________

__________ Division

FILED IN THIS OFFICE SEP 2 5 2026 Clerk U.S. District Court Greensboro, NC BY WS

| | |
|---|---|
| Shonda Wilson<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br><br>-v-<br><br>DUKE UNIVERSITY HEALTH SYSTEM<br>3643 North Roxboro Street Durham NC 27704<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 1:26CV978<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shonda Wilson |
| Street Address | 1210 First Edition Drive Unit 1710 |
| City and County | Durham Durham County |
| State and Zip Code | NC 27703 |
| Telephone Number | 919-356-8052 |
| E-mail Address | shondawilson01@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | DUKE Regional Hospital |
| Job or Title *(if known)* | Employer |
| Street Address | 3643 N Roxboro Street |
| City and County | Durham Durham County |
| State and Zip Code | North Carolina 27704 |
| Telephone Number | (919) 470-4000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Duke Regional Hospital |
| Street Address | 3643 N Roxboro Street |
| City and County | Durham |
| State and Zip Code | NC 27704 |
| Telephone Number | (919) 470-4000 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: Pregnancy-related leave/ accommodation request

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

November 2024- October 2025

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race
- ☐ color
- ☑ gender/sex Pregnancy, pregnancy-related me(
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* ______ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

I was employed by Duke Regional Hospital/Duke University as a Case Manager beginning August 12, 2024. During my employment, I became pregnant and experienced a high-risk pregnancy. My physician provided Duke with documentation regarding my high-risk pregnancy and the need for an early delivery.

I participated in Duke's Pregnancy Support Program and ultimately received approval to work from home through that program. I also requested maternity/medical leave related to my pregnancy and childbirth. My physician provided documentation supporting my need for leave. Duke approved short-term disability, but did not approve the maternity leave I requested. I was told that because I had not yet completed one year of employment, I had approximately 4–5 days of PTO available and the remaining time would be unpaid

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 07/01/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I request all relief available under applicable federal law, including compensation for lost wages and benefits, financial losses, and other damages resulting from the alleged discrimination and retaliation. I also request compensatory damages for emotional distress and other harm supported by the evidence. Duke later claimed that I owed approximately $10,000 because of an alleged overpayment resulting from duplicate compensation, and this alleged debt has negatively affected my credit. I request relief for any damages caused by this matter to the extent permitted by law. I also request allowable costs and attorney's fees, and any other relief the Court determines appropriate.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/25/2026 ~~09/21/2026~~ SW

Signature of Plaintiff: Shonda Wilson

Printed Name of Plaintiff: Shonda L Wilson

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
(984) 275-4800
Website: www.eeoc.gov

# DISMISSAL

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 7/1/2026

**To:** Miss Shonda Wilson
1420 First Edition Drive, Unit 3207
Durham, NC 27703

Charge No: 433-2026-01376

EEOC Representative and email: LISA LOCKINGER
INVESTIGATIVE SUPPORT ASSISTANT
LISA.LOCKINGER@EEOC.GOV

---

## DISMISSAL

The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 433-2026-01376.

On behalf of the Commission,

Jennifer Lane Digitally signed by Jennifer Lane
Date: 2026.07.01 08:59:14 -04'00' for

Johnnie Barrett
Area Office Director

**Cc:**
Duke Regional Hospital
3643 N Roxboro St
Durham, NC 27704

Anne Fox
Anne.fox@duke.edu
Duke Health
310 Blackwell Street
Durham, NC 27710

Please retain this Notice for your records.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 433-2026-01376 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 433-2026-01376 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**UNC Maternal Fetal Medicine at Vilcom Center**
55 Vilcom Center Drive
Suite 300
Chapel Hill NC 27514-1689
Phone: 984-215-5000
Fax: 984-215-5025

UNC HEALTH

July 24, 2025

| | |
|---|---|
| Patient: | **Shonda Wilson** |
| Date of Birth: | **4/6/1981** |
| Date of Visit: | **7/24/2025** |

To Whom It May Concern:

Shonda Wilson was seen at UNC Health Care system on 7/24/2025. Shonda Wilson is currently pregnant, and is a patient under my care. She has had a complicated pregnancy. While she is due on 8/27/25, to reduce the risk of health complications for her and to reduce the risk of stillbirth, I strongly recommend she be delivered on 8/6/25. Please take this into account when devising her plan for disability and FMLA.

Please contact me at the above number with any questions or concerns.

Sincerely,

Annie Dude, MD

MyChart® licensed from Epic Systems Corporation© 1999 - 2026

FMLASource®
455 N. Cityfront Plaza Drive, 13th Floor
Chicago, IL 60611-5322
Phone: 844-229-1239
Fax: 877-309-0218
www.FMLASource.com

DukeHealth

Attn: Duke University Health System

Leave Request # 5646109

8/10/2025

SHONDA WILSON
1420 FIRST EDITION DRIVE
APT 3207
DURHAM, NC 27703

Dear Shonda,

This letter confirms decisions made regarding your recent request(s) for leave from your position at Duke University Health System for incapacitation due to pregnancy or childbirth and to bond with your newborn child.

Below you will see detail around the requested time.

- Details may relate to your recent request and/or from previously-requested time, and may include dates that are already approved.
- The time requested may be denied, pending or approved. The categories below will explain which parts of your requested leave are in which status.
- There are different leave laws, regulations or plans that apply to the time you requested. These are noted in the "Applicable Leave Plan(s)" boxes. Note that the time may apply under one or more of the laws, plans, etc.

**The following dates are approved:**

| | | |
|---|---|---|
| On Continuous Leave | Beginning on 8/7/25 | Ending on 8/11/25 |
| Decision = Approved | Decision Reason = | |
| Estimated frequency of absence: On a continuous basis | | |
| Applicable Leave Plan(s): ADA | | |

| | | |
|---|---|---|
| On Continuous Leave | Beginning on 8/12/25 | Ending on 9/17/25 |
| Decision = Approved | Decision Reason = | |
| Estimated frequency of absence: On a continuous basis | | |
| Applicable Leave Plan(s): FMLA | | |

| | | |
|---|---|---|
| On Continuous Leave | Beginning on 9/18/25 | Ending on 11/3/25 |
| Decision = Approved | Decision Reason = | |
| Estimated frequency of absence: On a continuous basis | | |
| FMLA entitlement exhausts after 11/03/2025. | | |

| |
|---|
| Applicable Leave Plan(s): FMLA |

**The following dates are denied:**

| | | |
|---|---|---|
| On Continuous Leave | Beginning on 8/6/25 | Ending on 8/11/25 |
| Decision = Denied | Decision Reason = Ineligible - Length of Employment | |
| Applicable Leave Plan(s): FMLA | | |

| | | |
|---|---|---|
| On Continuous Leave | Beginning on 8/6/25 | Ending on 8/6/25 |
| Decision = Denied | Decision Reason = Requested Dates Not Certified | |
| Applicable Leave Plan(s): ADA | | |

## What You Need To Know

Based on the continuous and/or reduced leave(s) approved above, the anticipated amount of entitlement used for this leave will be: 12.00 weeks (480.00 hours) for this request.

The Family and Medical Leave Act (FMLA) allows eligible employees up to a total of 12 weeks of unpaid leave in a 12-month period for certain qualifying reasons. If your leave is approved and you have FMLA time available, you will be entitled to job protection under the FMLA for the dates listed above (see "beginning on" and "ending on") and your time off work will reduce your available FMLA balance. Your employer will maintain your health benefits under the same conditions as if you continued to work. If you do not return to work following FMLA for a reason other than (1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA; or (2) other circumstances beyond your control, you may be required to reimburse your employer for their share of health insurance premiums paid on your behalf.

If your leave is supplemented by a pay replacement benefit (for example short term disability, worker's compensation and/or paid time off) that benefit will run concurrently with your leave.

## What You Need To Do

**Notify FMLASource if your leave changes.**
If, for any reason, your condition or status changes significantly, please notify FMLASource immediately.

Should you have any questions, please contact FMLASource by sending an email to ServiceTeam1@FMLASource.com or call us toll free at 844-229-1239. Please reference your leave request number # 5646109 when you contact us. You may also find information and review your leave status on our website at www.FMLASource.com. To access your record, please visit our website and create a username and password. You must have your employee ID number and the postal code (27703) on file with your employer to register. We are working to provide you with excellent service during your leave.

Best Regards,

FMLASource

cc: HEIDI QUIGLEY, 00005306-MANAGER, CASE MANAGEMENT

# Your Rights & Responsibilities
# Under the Family & Medical Leave Act

FMLA requires covered employers to provide unpaid, job protected leave to "eligible" employee for certain family and medical reasons. Employees are eligible if they have worked for a covered employer for at least one year and for 1,250 hours over the previous 12 months, work at a site with at least 50 employees within 75 miles, and have leave time available.

**Reasons for taking leave:**
FMLA requires covered employers to provide up to 12 work weeks of unpaid, job-protected leave during a single, 12-month period rolling backward:

- To care for the employee's child after birth, or placement for adoption or foster care;
- To care for the employee's spouse, son, daughter, or parent who has a serious health condition;
- To address certain qualifying exigencies arising from employee's spouse, son, daughter, or parent on active duty or call to active duty in the National Guard or Reserves in support of a contingency operation;
- For incapacity due to pregnancy, prenatal medical care, or post-partum recovery;
- For a serious health condition that makes the employee unable to perform their job.

Qualifying exigencies may include attending certain military events, arranging for alternative child-care or parental care, addressing certain financial and legal arrangements, attending certain counseling sessions, and attending post deployment reintegration briefings.

**Use of Leave**
The employee does not need to use this leave entitlement in one block. When medically necessary, leave may be taken on an intermittent or reduced-schedule basis. Employees must make reasonable efforts to schedule leave for planned medical treatment so as to not unduly disrupt the employer's operations.

**Definition of a Serious Health Condition**
A serious health condition is an illness, injury, impairment, or physical or mental condition that involves either an overnight stay in a medical care facility, or continuing treatment by a health care provider for a condition that either prevents the employee from performing the functions of the employee's job, or prevents the qualified family member from participating in daily activities.

Subject to certain conditions, the continuing treatment requirement may be met by a period of incapacity of more than 3 consecutive calendar days combined with at least two visits to a health care provider or one visit and a regimen of continuing treatment, or incapacity due to pregnancy, or incapacity due to a chronic condition. Other conditions may meet the definition of continuing treatment.

**Benefits and Protections**
While on FMLA leave, the employer must maintain the employee's health coverage under any "group health plan" on the same terms as if the employee had continued to work.

Upon return from FMLA leave, most employees must be restored to their original or equivalent positions with equivalent pay, benefits, and other employment terms.

Use of FMLA cannot result in the loss of any employment benefit that accrued prior to the start of the employee's leave.

**Substitution of paid leave for unpaid leave**
Employees may choose or employers may require use of accrued paid leave while taking FMLA leave. In order to use paid leave for FMLA leave, employees must comply with the employer's normal paid leave policies.

**Employee Responsibilities**
Employee must provide 30-days advance notice of the need to take FMLA leave when the need is foreseeable. When 30 days notice is not possible, the employee must provide notice as soon as practicable and generally must comply with an employer's normal call-in procedure. Employees must provide sufficient information for the employer to determine if the leave may qualify for FMLA protection and the anticipated timing and duration of leave. Sufficient information may include that the employee is unable to perform job functions, the family member is unable to perform daily activities, the need for hospitalization or continuing treatment by a health-care provider, or the circumstances supporting the need for military family leave.
Employees must also inform their employer if the requested leave is for a reason for which FMLA leave was previously taken or certified. Employees may also be required to provide a certification and periodic recertification supporting the need for leave.

**Employer Responsibilities**
Covered employers must inform employees requesting leave whether they are eligible under FMLA. If the employee is eligible, the notice must specify any additional information required along with a copy of this notice. If the employee is not eligible, the employer must provide a reason for the ineligibility.
Covered employers must inform employees if leave will be designated as FMLA-protected and the amount of leave counted against the employee's leave entitlement. If the employer determines that the leave is not FMLA-protected, the employer must notify the employee.

**Unlawful Acts by Employers**
FMLA makes it unlawful for any employer to:

- Interfere with, restrain, or deny the exercise of any right provided under FMLA;
- Discharge or discriminate against any person for opposing any practice made unlawful by FMLA or for involvement in any proceeding under or related to FMLA.

**Enforcement**
The employee may file a complaint with the U.S. Department of Labor or may bring a private lawsuit against an employer. FMLA does not affect any Federal or State law prohibiting discrimination, or supersede any State or local law or collective bargaining agreement which provides greater family or medical leave rights.

**For Additional Information**
Please contact the nearest office of the Wage and Hour Division, listed in most telephone directories under US Government – Department of Labor, or contact your human resource department.

Gmail Search mail

**Shonda Wilson**

Hello, I am not an active employee and I thought you guys were the ones that handled what is entered into the paycheck. I feel like I am going in circles with

**Overpayments Payroll** <overpayment.payroll@duke.edu>

to Stacie, me, Overpayments, Karen

Good morning,

We do process the payroll, but departments submit what needs to be paid to an employee whether that be a timecard with hours, lump sum payments for biweekly emplo
etc.

There was an additional $3750.00 added to your August check, not sure if that is what you are looking for. There were no additional funds added to your September chec

NAME

SHONDA L WILSON

RATE:
RATE EFFECTIVE DATE:
POSITION: CASE MANAGER
POSITION EFFECTIVE DATE:
RESIDENT TAX STATE: NC
WORK TAX STATE: NC

| GROSS PAY | |
|---|---|
| FLATSUPP | 3,750.00 |

Reply Forward

**Shonda Wilson**

| | |
|---|---|
| **Subject:** | Touch Point |
| **Location:** | Satcies office |
| **Start:** | Tue 5/6/2025 4:00 PM |
| **End:** | Tue 5/6/2025 4:15 PM |
| **Show Time As:** | Tentative |
| **Recurrence:** | (none) |
| **Meeting Status:** | Not yet responded |
| **Organizer:** | Heidi Quigley |
| **Required Attendees:** | Shonda Wilson; Stacie White |



Scanned with CamScanner

**Shonda Wilson**

| | |
|---|---|
| **Subject:** | Touch Base |
| **Location:** | Stacies Office |
| **Start:** | Wed 3/26/2025 2:00 PM |
| **End:** | Wed 3/26/2025 3:00 PM |
| **Show Time As:** | Tentative |
| **Recurrence:** | (none) |
| **Meeting Status:** | Not yet responded |
| **Organizer:** | Heidi Quigley |
| **Required Attendees:** | Shonda Wilson; Stacie White |

Hi Shonda,

We would like to circle back on Wednesday at 2pm for a meeting to continue last week's conversation and processes for success.
Thank you,

*Heidi*

Heidi Quigley, MSN,BSN,RN,ACM-RN
Manager, Case Management
Duke Regional Hospital
Cell# 984-439-5718
919-470-5387
Heidi.quigley@duke.edu
3643 North Roxboro St, Durham, NC 27704

DukeHealth DIVERSE INCLUSIVE WELCOMING SAFE SPACE FOR EVERYONE BLACK LIVES MATTER

In support of Duke Health's values,
I stand for Black lives and against systemic racism

**Shonda Wilson**

| | |
|---|---|
| **Subject:** | Touch Base |
| **Location:** | Stacies office |
| **Start:** | Wed 11/13/2024 2:00 PM |
| **End:** | Wed 11/13/2024 2:30 PM |
| **Show Time As:** | Tentative |
| **Recurrence:** | (none) |
| **Meeting Status:** | Not yet responded |
| **Organizer:** | Heidi Kivel |
| **Required Attendees:** | Shonda Wilson; Stacie White |

**Shonda Wilson**

| | |
|---|---|
| **Subject:** | Touch Point |
| **Location:** | Satcies office |
| **Start:** | Tue 5/6/2025 4:00 PM |
| **End:** | Tue 5/6/2025 4:15 PM |
| **Show Time As:** | Tentative |
| **Recurrence:** | (none) |
| **Meeting Status:** | Not yet responded |
| **Organizer:** | Heidi Quigley |
| **Required Attendees:** | Shonda Wilson; Stacie White |



Scanned with CamScanner

Gmail

Search mail

**Office for Institutional Equity** <oie-help@duke.edu>
to me, Shonda

Hi Shonda-

Thank you for your patience as I gathered more information about the concerns you shared with OIE. I am following up with information I received from Stacie White and

1. Work From Home Request: Stacie explained that your request to work from home was denied prior to the accommodations process factors such as performance history and duration of time with Duke. She noted that Bryant has worked with Duke, both as a travele years without performance concerns.
2. Maternity Leave Request: OIE reviewed HR's interpretation of the parental leave policy and confirmed that your exemption request leadership. The decision to deny the exemption was consistent with how similar requests have been handled.
3. Check-in Meetings Following Absences: Stacie indicated she could not confirm whether it is routine for Heidi to meet with employee participating in meetings with you and Heidi regarding performance-related concerns made by fellow employees, including an SRS that Heidi regularly holds check-ins with employees to discuss performance matters.
4. Accommodation for Sitting: Stacie confirmed that your doctor's note regarding the need to sit due to swelling was incorporated into Case Managers are not required to stand and that she has previously relayed this to you, encouraging sitting during patient interact may also call into patient rooms rather than walk in if needed. She noted that this accommodation does not require a change in wor

**Next Steps**: This in no way implies or communicates that your concerns are insignificant or lack importance. OIE can recommend that HR (or Stacie White) discuss with about an employee's pregnancy and maintaining privacy when discussing personal matters in the workplace. Additionally, we can suggest that DAAS meet with Heidi to

Reply Forward